**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
HANNAH ANIL,

                              Plaintiff,      **COMPLAINT**

  v.

                                         **PLAINTIFF DEMANDS A TRIAL**

CIPRIANI USA, INC.,
DOWNTOWN RESTAURANT
COMPANY, LLC d/b/a
CIPRIANI DOWNTOWN
and IGANAZIO
CIPRIANI and JUANITO DE
LA CRUZ, individually,
                              Defendants.
---------------------------------------------------------X

      Plaintiff Hannah Anil ("Anil" or "Plaintiff") by her attorneys, The Law Offices of Jacob Aronauer and Kreisberg & Maitland, LLP, upon information and belief, allege as follows:

## NATURE OF ACTION

1. Plaintiff Hannah Anil ("Plaintiff" or "Anil") brings this action charging that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), New York State Executive Law §296, *et seq*. ("NYSEL"), and the New York City Human Rights Law, Administrative Code of the City of New York § 8-107, *et seq*. ("NYCHRL"), seeking to recover lost wages, damages for emotional distress, punitive damages, reasonable attorney's fees and costs as a result of being harassed and discriminated against solely on the basis of her sex, and discharged in retaliation for both opposing and reporting such discrimination. Specifically, Plaintiff's immediate supervisor at Cipriani Downtown, Juanito de la Cruz ("de la Cruz") discriminated against Plaintiff by sexually harassing her and ultimately terminating her employment when Plaintiff a) refused to permit de la Cruz to sexually assault her in the workplace

and b) sought to report de la Cruz's sexual harassment to Cipriani's human resources. Cipriani USA, Inc., and Downtown Restaurant Company, LLC and Ignazio Cipriani, individually (collectively herein "the Cipriani Defendants") permitted such conduct and are liable under *respondent superior*.

## VENUE AND JURISDICTION

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), 29 U.S.C. §626(c), and 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PROCEDURAL PREREQUISITES

4. Plaintiff has exhausted all administrative remedies. In March 2015, Plaintiff filed a complaint with the United States Equal Opportunity Commission ("EEOC").

5. Plaintiff received a right to sue letter on or about August 20, 2015.

6. Plaintiff filed the instant complaint within ninety days of receipt of receipt of the right to sue letter from the EEOC.

## PARTIES

7. Plaintiff resides in New York, New York.

8. Defendant Cipriani USA is a Delaware corporation doing business in New York with a registered address for service of process at 110 East 42nd Street, New York, New York 10017.

9. The Chief Executive officer of Cipriani USA, Inc. is Ignazio Cipriani.

10. Defendant Ignazio Cipriani is a resident of New York, New York.

11. Defendant Cipriani USA operates fourteen Cipriani S.A-owned restaurants in America, including ten restaurants in New York.

12. At all times relevant to this action, Cipriani USA was Plaintiff's employer within the meaning of 42 U.S.C. § 2000e-5, NYHRL § 292.

13. Upon information and belief, Defendant Cipriani USA, Inc. owns and operates Downtown Restaurant Company, LLC ("Downtown Restaurant Company") doing business as Cipriani Downtown.

14. Downtown Restaurant Company is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York 10017.

15. Cipriani Downtown is an Italian restaurant located at 376 West Broadway in lower Manhattan.

16. Defendant Juanito de la Cruz Cruz is a resident of Bronx, New York.

## FACTS

17. In September 2013, Plaintiff interviewed for the position of cashier at Cipriani Downtown.

18. Plaintiff interviewed with Carmelo for the position of cashier.

19. Defendant de La Cruz did not take part in the decision to hire Plaintiff.

20. Anil's job duties as a cashier were to work with customers and process dining transactions.

21. Initially, Anil's immediate supervisor was not de la Cruz.  Plaintiff had a different immediate supervisor from September 2013 through approximately April 2014.

22. In April 2014, de la Cruz became Plaintiff's immediate supervisor.

23. Prior to de la Cruz becoming Plaintiff's immediate supervisor, Plaintiff was not subject to a hostile work environment at Cipriani Downtown.

24. Furthermore, while de la Cruz would interact with Plaintiff prior to becoming Plaintiff's immediate supervisor, de la Cruz did not sexually harass or act in any other manner so as to create a hostile work environment against Plaintiff at Cipriani Downtown.

**Plaintiff is Victim of a Hostile**
**Work Environment at Cipriani**

25. When Plaintiff initially began to work for Cipriani, de la Cruz only made small talk with Plaintiff. But once de la Cruz became Plaintiff's immediate supervisor in June 2014, his behavior deviated from office banter to sexual harassment.

26. For example, on more than one occasion de la Cruz would ask Plaintiff if she wanted to have "quickies" with him in the backroom.[1] Plaintiff declined this request from de la Cruz.

27. In October 2014, Anil had breast enhancement surgery. After Anil had breast augmentation surgery, de la Cruz frequently asked Anil if he could feel her breasts. Defendant de la Cruz would tell Anil that his requests to feel her breasts were not sexual in nature but rather that he was just "curious" as to what Plaintiff's breasts felt like after surgery.

28. Plaintiff also declined de la Cruz's requests to feel her breasts.

29. Defendant de la Cruz would also send Plaintiff sexually explicit messages via SMS text.

30. For example, on October 14, 2014, de la Cruz texted to Anil, "Hi ma" and asked if she is "sending [him] a pic."

---

[1] The term "quickies" or "quicky" is slang for sexual intercourse lasting of a short duration.

4

31. By requesting Plaintiff to send him a "pic", Defendant de la Cruz was instituting to Plaintiff that she should send him an explicit picture of her.

32. The next day de la Cruz initiated a text conversation with Plaintiff by stating "Hello my love."

33. A few days later on October 17, 2014, Defendant de la Cruz texted Anil, "Mama" and tried to convince her to cover for a missing employee by promising her in return "a big kiss."

34. Defendant de la Cruz's sexual advances were not limited to Plaintiff. Plaintiff's close friend, and former cashier at Cipriani Downtown, Kassandra Ayala ("Ayala") also was a recipient of de la Cruz's sexual harassment.

35. Ayala, like Plaintiff, is an attractive Hispanic female in her early twenties.

**Plaintiff is a Victim of Sexual**
**Assault at the Hands of de La Cruz**

36. On Monday, October 20, 2014, Plaintiff was sitting down at her post when de la Cruz walked over to her. Defendant de la Cruz proceeded to slide his hand down the back of her shirt. De la Cruz's hand, pressed against her skin, continued down her back and proceeded to move toward her pants. Defendant de la Cruz's hand ultimately passed the waist of her pants, near her backside.

37. Plaintiff angrily responded to de la Cruz's sexual assault and, in sum and substance, told him to stop.

38. In response, Defendant de la Cruz failed to acknowledge his wrongdoing. He simply laughed at Plaintiff and pushed his hand into her face.

39. The area where Plaintiff was sitting while the attack occurred was under video surveillance by Cipriani Downtown's security cameras.

40. This October 20, 2014 incident was recorded by Defendants' surveillance system.

41. On Friday, October 24, 2014, Plaintiff called Cipriani's human resources department and asked them to call her back. Plaintiff informed Cipriani's human resources that the matter was urgent.

42. On October 27, 2014, Plaintiff filed a complaint with the New York Police Department as to de la Cruz's sexual assault in the workplace.

43. Plaintiff's counsel, on October 28, 2014, sent, via e-mail and personal delivery to Cipriani Downtown, a litigation hold letter informing the Cipriani Defendants of their responsibility under the law to retain and maintain the surveillance video.

44. When Defendants received the October 28, 2014 litigation hold letter, de la Cruz learned that Anil planned to file a lawsuit in relation to his offensive behavior.

45. Upon learning that Plaintiff was seeking to press charges against him, de la Cruz sent several text messages to Plaintiff's co-worker and friend, Kassandra Ayala.

46. Defendant de la Cruz starts the one-sided conversation with "Kassie come on mama" and "U think that if she told me to stop I wouldnt stop[.]" Defendant de la Cruz ends the conversation by stating, "What a bitch [in reference to Anil] that's what I get for being a friend."

**Defendant de la Cruz Unlawfully Terminated Plaintiff in Retaliation
for both Opposing and Seeking to Report de la Cruz's Sexual Assault**

47. As previously stated, on Friday, October 24, 2014, Plaintiff contacted Cipriani's human resources department. Plaintiff informed Cipriani's human resources department that she was an employee at Cipriani downtown, that the matter was urgent and asked them to quickly call her back.

48. Defendant de la Cruz, as well as other management staff, became aware that Anil had contacted Cipriani's human resources department.

49. On October 24, 2014, Anil was at a friend's party and her cell phone and wallet were stolen.

50. As a result, the next day, on October 25, 2015, Anil was two hours late to her scheduled work shift.

51. Even though Anil showed up to work, de la Cruz told Anil to go home as soon as she arrived. Defendant de la Cruz also told Anil to call Cipriani to find out if she was going to be able to continue her employment at Cipriani.

52. The decision by de la Cruz to send Plaintiff home is inconsistent with Cipriani's protocol. Employees are often late to work and as long as there is a reasonable excuse, the employee is not disciplined—let alone fired.

53. This company practice is evidenced by a text message between Plaintiff and de la Cruz just one week earlier. For example, just one week earlier Plaintiff told de la Cruz that she would be running late. In response, de la Cruz told that her that he "didn't care."

54. On Sunday October 26, 2014, Plaintiff called Cipriani Downtown. Plaintiff was informed by General Manager Milton Calle that she was fired. The only reason proffered to Plaintiff for her termination was that she was late to work on October 25, 2014.

55. Plaintiff's termination was a gross deviation from the Cipriani Defendants' established protocol and occurred only days after Plaintiff refused to allow de la Cruz to grope her. The decision to terminate Plaintiff also occurred only one day after Plaintiff contacted Cipriani's human resources department so as to report de la Cruz's behavior.

56. Plaintiff was terminated because a) Plaintiff refused to allow Defendant de la Cruz to sexually assault her and b) Plaintiff sought to report the aforementioned conduct to Cipriani's human resources department.

57. At no point did anyone from Cipriani's human resources department attempt to contact Plaintiff despite the fact that Plaintiff informed human resources that the matter was urgent.

58. As a result of Plaintiff's unlawful termination, Plaintiff has suffered future pecuniary losses and emotional pain.

59. The Cipriani Defendants are similarly liable as de la Cruz's employers and therefore are responsible for de la Cruz's tortious acts in the scope of de la Cruz's employment.

60. Defendant de la Cruz's conduct has been malicious, willful and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all the Defendants, jointly and severally.

**FIRST CAUSE OF ACTION**
**<u>TITLE VII OF CIVIL RIGHTS ACT OF 1964</u>**

61. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

62. Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq*.

63. Defendants subjected Plaintiff to a severe and pervasive hostile work environment and ultimately terminated Plaintiff's employment based upon her gender. Defendants' actions violated Title VII, 42 U.S.C. § 2000e *et seq*.

64. As a result of Defendants' actions, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

## SECOND CAUSE OF ACTION
## NEW YORK STATE HUMAN RIGHTS LAW

65. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraph as if set forth fully herein.

66. Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex, in violation of the New York Human Rights Law, N.Y. Exec. Law § 290, *et seq*.

67. Defendants subjected Plaintiff to a severe and pervasive hostile work environment and ultimately terminated her employment on the basis of her sex.

68. Defendants violated the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*.

69. As a result of Defendants' discriminatory acts, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

## THIRD CAUSE OF ACTION
## NEW YORK CITY HUMAN RIGHTS LAW

70. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

71. Defendants discriminated against Plaintiff in the terms and condition of her employment on the basis of her sex in violation of New York City Human Rights Law, the Administrative Code of the City of New York § 8-101 *et seq*.

72. Defendants subjected Plaintiff to a severe and pervasive hostile work environment and ultimately terminated her employment on the basis of her sex.

73. Defendants violated the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*.

74. As a result of Defendants' discriminatory acts, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

## FOURTH CAUSE OF ACTION
## NEW YORK STATE HUMAN RIGHTS LAW AIDING AND ABETTING
## (AGAINST THE CIPRIANI DEFENDANTS)

75. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth full herein.

76. By the acts alleged herein, the Cipriani Defendants are liable for aiding and abetting the illegal acts of Defendant de la Cruz in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(6).

77. As a result of the Cipriani Defendants discriminatory acts, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

79. Defendants committed extreme and outrageous conduct by engaging in and/or allowing sexual harassment of Plaintiff.

80. Defendants acted willfully and/or recklessly.

81. Defendants' conduct proximately caused Plaintiff's injuries.

82. As a result of Defendants' action, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

## SIXTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>SUPERVISOR LIABILITY</u>

83. Plaintiff realleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

84. New York City Administrative Code Title § 8-107(13) employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
        (1) the employee or agent exercised managerial or supervisory responsibility; or
        (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
        (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

85. Defendants violated the section cited herein as set forth.

## SEVENTH CAUSE OF ACTION
## <u>RETALIATION IN VIOLATION OF TITLE VII</u>

86. Plaintiff realleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. Defendants violated Title VII by subjecting Plaintiff to unlawful retaliation for her complaint of and opposition to Defendants' discriminatory practices enumerated above.

88. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

89. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

90. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Title VII, was outrageous and malicious, was intended to injure Plaintiff, and was committed with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### EIGHTH CAUSE OF ACTION
### Retaliation in Violation of NYSHRL

91. Plaintiff realleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. Defendants have violated the NYSHRL by subjecting Plaintiff to unlawful retaliation for her complaints of and opposition to Defendants' discriminatory and retaliatory practices enumerated above.

93. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

94. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## NINTH CAUSE OF ACTION
### Retaliation in Violation of NYCHRL

95. Plaintiff realleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

96. Defendants violated the NYCHRL by subjecting Plaintiff to unlawful retaliation for her complaint of and opposition to Defendants discriminatory practices enumerated above.

97. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

98. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

99. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of the NYCHRL, was outrageous and malicious, was intended to injure Plaintiff, and was

committed with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully pray that judgment be granted awarding Plaintiff:

A. Compensatory damages;

B. Punitive damages;

C. Prejudgment interest;

D. Lost wages;

E. Attorneys' fees and costs; and

F. Such other legal and equitable relief as the Court deems necessary and proper. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code Title 8, *et seq*. and that the Defendants discriminated against Plaintiff on the basis of sex/gender, together with sexual harassment;

G. Declaring that Defendants engaged in unlawful retaliation prohibited by the New York City Administrative Code Title 8, *et seq*.;

H. Declaring that Defendants engaged in unlawful retaliation prohibited by Title VII;

I. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

J. Awarding Plaintiff punitive damages;

K. Awarding Plaintiff attorneys' fees, costs and expenses in the prosecution of this action;

L. Awarding Plaintiff such other further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: September 20, 2015
       New York, New York

                Respectfully submitted,

                **THE LAW OFFICES OF JACOB ARONAUER**

                By:    */s Jacob Aronauer*
                         Jacob Aronauer (JA: 9184)
                         225 Broadway, Suite 307
                         New York, NY 10007
                         Telephone:  (212) 323-6980
                         Facsimile:  (212) 233-9238
                         jaronauer@aronauerlaw.com

                **KREISBERG & MAITLAND LLP**

                By:    */s Jeffrey Kreisberg*
                         Jeffrey Kreisberg (JK: 2599)
                         75 Maiden Lane, Suite 603
                         New York, NY 10038
                         (212) 629-4970
                         jeff@kmlaw.net

                *Attorneys for Plaintiff*