UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HANNAH ANIL,

               Plaintiff,

    -against-

CIPRIANI USA, INC., DOWNTOWN
RESTAURANT COMPANY, LLC d/b/a
CIPRIANI DOWNTOWN and IGNAZIO
CIPRIANI and JUANITO DE LA CRUZ,
Individually,

               Defendants.
------------------------------------------------------------x

15-cv-7430 (PGG)

Electronically Filed

**ANSWER AND DEFENSES OF DEFENDANTS CIPRIANI USA, INC., DOWNTOWN RESTAURANT COMPANY, LLC d/b/a CIPRIANI DOWNTOWN AND IGNAZIO CIPRIANI TO AMENDED COMPLAINT**

      Defendants Cipriani USA, Inc., Downtown Rest. Comp. d/b/a Cipriani Downtown, and Ignazio Cipriani[1] ("Cipriani"), by and through their attorneys, Littler Mendelson, P.C., answer Plaintiff Hannah Anil's Amended Complaint as follows:

### NATURE OF ACTION

      1.    Cipriani denies the allegations in paragraph 1 of the Amended Complaint, except admits that Plaintiff purports to seek relief for alleged violations of the laws listed therein.

### VENUE AND JURISDICTION

      2.    The allegations in paragraph 2 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is deemed required, Cipriani denies the allegations in paragraph 2 of the Amended Complaint, except admits that Plaintiff purports to proceed under the legal authority stated therein.

---

[1] The parties have stipulated to the withdrawal of Defendant Ignazio Cipriani from this action pursuant to the stipulation dated October 9, 2015 that was filed with the Court on October 9, 2015.

1

3. The allegations in paragraph 3 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is deemed required, Cipriani admits that venue is appropriate in this district.

## PROCEDURAL PREREQUISITES

4. The allegations in paragraph 4 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is deemed required, Cipriani admits that Plaintiff filed a Notice of Charge of Discrimination on or about March 5, 2015.

5. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint, except admits that the EEOC mailed Plaintiff a Notice of Right to Sue on August 20, 2015.

6. Cipriani admits the allegations in paragraph 6 of the Amended Complaint.

## PARTIES

7. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8. Cipriani admits the allegations in paragraph 8 of the Amended Complaint.

9. Cipriani denies the allegations in paragraph 9 of the Amended Complaint, except admits that Ignazio Cipriani is the President of Cipriani USA, Inc.

10. Cipriani denies the allegations in paragraph 10 of the Amended Complaint

11. Cipriani denies the allegations in paragraph 11 of the Amended Complaint.

12. The allegations in paragraph 12 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is deemed required, Cipriani admits that Plaintiff was employed by Downtown Restaurant Company, LLC d/b/a Cipriani Downtown.

13. Cipriani denies the allegations in paragraph 13 of the Amended Complaint, except admits that Defendant Downtown Restaurant Company, LLC d/b/a Cipriani Downtown is a subsidiary of Defendant Cipriani USA, Inc.

14. Cipriani denies the allegations in paragraph 14 of the Amended Complaint, except admits that Downtown Restaurant Company, LLC is a New York Domestic Limited Liability Company with a place of business at 110 E 42nd St., New York, New York 10017.

15. Cipriani admits the allegations in paragraph 15 of the Amended Complaint.

16. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

## FACTS

17. Cipriani denies the allegations in paragraph 17 of the Amended Complaint, except admits that Plaintiff began employment at Cipriani Downtown on or about September 12, 2013.

18. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint, except admits that Plaintiff began employment at Cipriani Downtown on or about September 12, 2013.

19. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint, except admits that Plaintiff began employment at Cipriani Downtown on or about September 12, 2013.

20. Cipriani denies the allegations in paragraph 20 of the Amended Complaint, except Cipriani admits that Plaintiff's job duties included, but were not limited to, working with customers and processing dining transactions.

21. Cipriani denies the allegations in paragraph 21 of the Amended Complaint, except admits that De La Cruz was not initially Anil's supervisor.

22. Cipriani denies the allegations in paragraph 22 of the Amended Complaint, except admits that Juanito De La Cruz became one of Plaintiff's supervisors while she was employed at Cipriani Downtown.

23. Cipriani denies the allegations in paragraph 23 of the Amended Complaint, except admits that Plaintiff was not subject to a hostile work environment at Cipriani Downtown.

24. Cipriani denies the allegations in paragraph 24 of the Amended Complaint, except admits that Plaintiff and De La Cruz interacted with each other prior to De La Cruz becoming one of Plaintiff's supervisors, and that De La Cruz did not sexually harass Plaintiff or create a hostile work environment against Plaintiff at Cipriani Downtown.

25. Cipriani denies the allegations in paragraph 25 of the Amended Complaint.

26. Cipriani denies the allegations in paragraph 26 of the Amended Complaint.

27. Cipriani denies the allegations in paragraph 27 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint about when Plaintiff had breast enhancement surgery.

28. Cipriani denies the allegations in paragraph 28 of the Amended Complaint.

29. Cipriani denies the allegations in paragraph 29 of the Amended Complaint.

30. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint.

31. Cipriani denies the allegations in paragraph 31 of the Amended Complaint.

32. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Cipriani denies the allegations in paragraph 34 of the Amended Complaint.

35. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint.

36. Cipriani denies the allegations in paragraph 36 of the Amended Complaint.

37. Cipriani denies the allegations in paragraph 37 of the Amended Complaint.

38. Cipriani denies the allegations in paragraph 38 of the Amended Complaint.

39. Cipriani denies the allegations in paragraph 39 of the Amended Complaint, except admits that the cashier area is subject to monitoring by a video camera.

40. Cipriani denies the allegations in paragraph 40 of the Amended Complaint.

41. Cipriani denies the allegations in paragraph 41 of the Amended Complaint.

42. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint.

43. Cipriani denies the allegations in paragraph 43 of the Amended Complaint.

44. Cipriani denies the allegations in paragraph 44 of the Amended Complaint.

45. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint.

46. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint.

47. Cipriani denies the allegations in paragraph 47 of the Amended Complaint.

48. Cipriani denies the allegations in paragraph 48 of the Amended Complaint.

49. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint.

50. Cipriani denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint, except Cipriani admits that Plaintiff was approximately two hours late to her scheduled shift on October 25, 2014.

51. Cipriani denies the allegations in paragraph 51 of the Amended Complaint.

52. Cipriani denies the allegations in paragraph 52 of the Amended Complaint.

53. Cipriani denies the allegations in paragraph 53 of the Amended Complaint.

54. Cipriani denies the allegations in paragraph 54 of the Amended Complaint.

55. Cipriani denies the allegations in paragraph 55 of the Amended Complaint.

56. Cipriani denies the allegations in paragraph 56 of the Amended Complaint.

57. Cipriani denies the allegations in paragraph 57 of the Amended Complaint.

58. Cipriani denies the allegations in paragraph 58 of the Amended Complaint.

59. Cipriani denies the allegations in paragraph 59 of the Amended Complaint.

60. Cipriani denies the allegations in paragraph 60 of the Amended Complaint.

### FIRST CAUSE OF ACTION
### TITLE VII OF CIVIL RIGHTS ACT OF 1964

61. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

62. Cipriani denies the allegations in paragraph 62 of the Amended Complaint.

63. Cipriani denies the allegations in paragraph 63 of the Amended Complaint.

64. Cipriani denies the allegations in paragraph 64 of the Amended Complaint.

### SECOND CAUSE OF ACTION
### NEW YORK STATE HUMAN RIGHTS LAW

65. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

66. Cipriani denies the allegations in paragraph 66 of the Amended Complaint.

67. Cipriani denies the allegations in paragraph 67 of the Amended Complaint.

68. Cipriani denies the allegations in paragraph 68 of the Amended Complaint.

69. Cipriani denies the allegations in paragraph 69 of the Amended Complaint.

## THIRD CAUSE OF ACTION
## NEW YORK CITY HUMAN RIGHTS LAW

70. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

71. Cipriani denies the allegations in paragraph 71 of the Amended Complaint.

72. Cipriani denies the allegations in paragraph 72 of the Amended Complaint.

73. Cipriani denies the allegations in paragraph 73 of the Amended Complaint.

74. Cipriani denies the allegations in paragraph 74 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
## NEW YORK STATE HUMAN RIGHTS LAW AIDING AND ABETTING
## (AGAINST THE CIPRIANI DEFENDANTS)

75. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

76. Cipriani denies the allegations in paragraph 76 of the Amended Complaint.

77. Cipriani denies the allegations in paragraph 77 of the Amended Complaint.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

79. Cipriani denies the allegations in paragraph 79 of the Amended Complaint.

80. Cipriani denies the allegations in paragraph 80 of the Amended Complaint.

81. Cipriani denies the allegations in paragraph 81 of the Amended Complaint.

82. Cipriani denies the allegations in paragraph 82 of the Amended Complaint.

## SIXTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## SUPERVISOR LIABILITY

83. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

84. Cipriani neither admits nor denies the allegations set forth in paragraph 84 of the Amended Complaint as they are conclusions of law only. To the extent that a response is required, Cipriani refers the Court to the text of the statute cited therein.

85. Cipriani denies the allegations in paragraph 85 of the Amended Complaint.

## SEVENTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE VII

86. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

87. Cipriani denies the allegations in paragraph 87 of the Amended Complaint.

88. Cipriani denies the allegations in paragraph 88 of the Amended Complaint.

89. Cipriani denies the allegations in paragraph 89 of the Amended Complaint.

90. Cipriani denies the allegations in paragraph 90 of the Amended Complaint.

## EIGHTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF NYSHRL

91. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

92. Cipriani denies the allegations in paragraph 92 of the Amended Complaint.

93. Cipriani denies the allegations in paragraph 93 of the Amended Complaint.

94. Cipriani denies the allegations in paragraph 94 of the Amended Complaint.

## NINTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF NYCHRL

95. Cipriani repeats and reasserts its responses to the preceding paragraphs as if fully set forth herein.

96. Cipriani denies the allegations in paragraph 96 of the Amended Complaint.

97. Cipriani denies the allegations in paragraph 97 of the Amended Complaint.

98. Cipriani denies the allegations in paragraph 98 of the Amended Complaint.

99. Cipriani denies the allegations in paragraph 99 of the Amended Complaint.

Cipriani denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of the Amended Complaint, or to any other relief in this matter.

## JURY DEMAND

Cipriani admits that Plaintiff seeks a trial by jury, but denies that Plaintiff is entitled to a jury on any issue which may not be tried before a jury.

## AFFIRMATIVE AND OTHER DEFENSES

Cipriani asserts the following affirmative and other defenses to the Amended Complaint:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Subject to proof through discovery, Plaintiff's claims are time-barred in whole or in part.

## THIRD DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH DEFENSE

Subject to proof through discovery, Plaintiff's claims and/or request for relief are barred in whole or in part by the after-acquired evidence doctrine.

## SIXTH DEFENSE

Any of Cipriani's employment decisions with respect to Plaintiff were based on reasonable factors other than her sex or purported protected activity.

## SEVENTH DEFENSE

Even if some impermissible motive was a factor in any employment decision concerning Plaintiff, which Cipriani expressly denies, the same decision(s) would have been made for lawful business reasons.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred because Cipriani exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities and procedures provided by Cipriani or otherwise to avoid harm.

## NINTH DEFENSE

Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate her purported damages.

## TENTH DEFENSE

The Amended Complaint is barred in whole or in part by Plaintiff's own conduct, contributory, or comparative fault.

**ELEVENTH DEFENSE**

The claims in the Amended Complaint asserted against Cipriani, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

**TWELFTH  DEFENSE**

The alleged actions on which Plaintiff premises her claims in the Amended Complaint are insufficient to warrant imposition of punitive damages.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that she failed to satisfy the prerequisites for the commencement of this action.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Cipriani falls outside of the scope of the statutes invoked by Plaintiff and/or they had no involvement in the alleged unlawful conduct.

**FIFTEENTH DEFENSE**

To the extent any unlawful or other wrongful acts were committed by any person(s) employed by Cipriani, such acts, if any, were outside the scope of their authority, were neither authorized, ratified, nor condoned by Cipriani, nor did Cipriani know or have reason to be aware of such conduct.

**SIXTEENTH DEFENSE**

Cipriani reserves the right to raise additional affirmative and other defenses as may be appropriate based on information learned during the course of discovery.

**WHEREFORE**, Cipriani requests that the Court enter judgment dismissing the Amended Complaint in its entirety and with prejudice; granting Cipriani its costs and attorneys' fees; and granting Cipriani such other relief as the Court may deem just and proper.

Date:   November 12, 2015
        New York, New York

                                        /s/  A. Michael Weber
                                        A. Michael Weber
                                        Barbara A. Gross
                                        Maayan Deker
                                        LITTLER MENDELSON, P.C.
                                        900 Third Avenue
                                        New York, New York 10022.3298
                                        212.583.9600

                                        *Attorneys for Cipriani Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANNAH ANIL,<br><br>                    Plaintiff,<br><br>-against-<br><br>CIPRIANI USA, INC., DOWNTOWN RESTAURANT COMPANY, LLC d/b/a CIPRIANI DOWNTOWN and IGNAZIO CIPRIANI and JUANITO DE LA CRUZ, Individually,<br><br>                    Defendant. | Civil Action Nr. 15-cv-7430 (PGG)<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on November 12, 2015, I caused to be served the foregoing Answer by filing it electronically with the Clerk of the above-captioned Court using its CM/ECF systems, upon:

        Jeffrey L. Kreisberg
        Kreisberg & Maitland, LLP
        75 Maiden Lane, Suite 603
        New York, NY 10038
        Email: jkreisberg@kmlaw.net

        Jacob Aronauer
        The Law Offices of Jacob Aronauer
        225 Broadway Suite 307
        New York, NY 10007
        Email: jaronauer@aronauerlaw.com

        Claudia A. Costa
        Marshall Dennehey Warner Coleman & Goggin
        425 Eagle Rock Ave.
        Suite 302
        Roseland, NJ 07068
        Email: cacosta@mdwcg.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of November, 2015 in New York, New York.

By:   <u>/s/ A. Michael Weber</u><br>A. Michael Weber