UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANNAH ANIL,<br><br>                   Plaintiff<br><br>v.<br><br>CIPRIANI USA, INC.. DOWNTOWN RESTAURANT COMPANY, LLC d/b/a CIPRIANI DOWNTOWN and IGNAZIO CIPRIANI and JUANITO DE LA CRUZ, individually,<br><br>                   Defendants | CASE NO.: 1:15-cv-07430-PGG<br><br>Civil Action<br><br>**ELECTRONICALLY FILED**<br><br>**ANSWER, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |

      Defendant, Juan DeLa Cruz (improperly named Juanito DeLa Cruz) through his attorneys, Marshall Dennehey Warner Coleman & Goggin, herein submits his answer to the amended complaint.

## NATURE OF ACTION

1.      The allegations contained in paragraph 1 of the amended complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied, except to admit that the plaintiff purports to seek relief for violations of the various laws therein referenced.

## VENUE AND JURISDICTION

2.      The allegations contained in paragraph 2 of the amended complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied, but this defendant states that plaintiff purports to proceed under the legal authorities therein referenced.

3. The allegations contained in paragraph 3 of the amended complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied, except this defendant admits that venue is proper in the Southern District of New York.

## PROCEDURAL PREREQUISITES

4. The allegations contained in paragraph 4 of the amended complaint do not refer to this defendant and also call for legal conclusions to which no response is required. The allegations also make reference to a complaint filed before the EEOC. The document speaks for itself and plaintiff is left to her proofs. To the extent a responses is required and the allegations imply any wrongdoing on behalf of this defendant, the allegations are denied. Upon information and belief, defendant admits that plaintiff filed a Notice of Charge of Discrimination.

5. The allegations contained in paragraph 5 of the amended complaint do not make any allegations with respect to this defendant and therefore, no response is required. The allegations also refer to a "right to sue letter" and said document speaks for itself and plaintiff is left to her proofs. To the extent a response is required and the allegations imply any wrongdoing on behalf of this defendant, the allegations are denied.

6. This defendant does not have sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the amended complaint. Furthermore, this paragraph refers to a "right to sue letter" and said document speaks for itself and plaintiff is left to her proofs.

## PARTIES

7. This defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the amended complaint.

8.   Upon information and belief, defendant, Mr. DeLa Cruz admits the allegations contained in paragraph 8 of the amended complaint.

9.   This defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the amended complaint, except to state that Ignazio Cipriani is the President of Cipriani USA.

10.  This defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the amended complaint.

11.  This defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the amended complaint.

12.  The allegations contained in paragraph 12 of the amended complaint do not refer to this defendant and furthermore, they call for a legal conclusion to which no response is required. To the extent a response is required, this defendant admits that plaintiff was employed by Downtown Restaurant Company, LLC d/b/a Cipriani Downtown.

13.  The allegations contained in paragraph 13 of the amended complaint do not refer to this defendant and this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained paragraph 13 of the amended complaint.

14.  The allegations contained in paragraph 14 of the amended complaint do not refer to this defendant and this defendant does not have sufficient knowledge or information to form a belief as to the allegations contained in paragraph 14 of the amended complaint.

15.  This defendant admits that Cipriani Downtown is an Italian restaurant located at 376 W. Broadway in lower Manhattan.

16.  This defendant admits that he is a resident of the Bronx, New York.

## FACTS

17. This defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the amended complaint.

18. This defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the amended complaint.

19. This defendant does not possess sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the amended complaint.

20. This defendant admits that Anil's job duties included, but were not limited to, working with customers and processing dining transactions, but denies the remaining allegations.

21. This defendant admits that this defendant was initially not plaintiff's immediate supervisor, but denies the remaining allegations contained in paragraph 21 of the amended complaint.

22. This defendant admits that this defendant became one of plaintiff's supervisors while she was employed at Cipriani's Downtown, and admits he interacted with plaintiff at times, but denies the remaining allegations contained in paragraph 22 of the amended complaint.

23. This defendant denies the allegations in paragraph 23 of the amended complaint.

24. This defendant denies any allegations contained in paragraph 24 of the amended complaint.

25. This defendant admits that he engaged in small talk with the plaintiff, but denies the remaining allegations contained in paragraph 25 of the amended complaint.

26. This defendant denies the allegations contained paragraph 26 of the amended complaint.

27. This defendant denies the allegations contained in paragraph 27 of the amended complaint.

28.     This defendant denies the allegations contained in paragraph 28 of the amended complaint.

29.     This defendant denies the allegations contained in paragraph 29 of the amended complaint.

30.     The allegations contained in paragraph 30 of the amended complaint refer to a text message and the text message speaks for itself. This defendant does not have sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 except to deny same to the extent they imply wrongdoing.

31.     This defendant denies the allegations contained in paragraph 31 of the amended complaint.

32.     To the extent the allegations contained in paragraph 32 of the amended complaint, refer to a text conversations with plaintiff, said text conversations speak for themselves and the plaintiff is left to her proofs. To the extent a response is required, this defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

33.     The allegations contained in paragraph 33 of the amended complaint refer to a text message and said text message speaks for itself and the plaintiff is left to her proofs. To the extent a response is required, this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations, except to deny same to the extent they imply any wrongdoing.

34.     This defendant denies the allegations contained in paragraph 34 of the amended complaint.

35. The allegations contained in paragraph 35 do not refer to this defendant and therefore, no response is required. To the extent a response is required, this defendant can only deny the response since the allegations are subjective in nature and cannot be properly answered.

36. This defendant denies the allegations contained in paragraph 36 of the amended complaint.

37. This defendant denies the allegations contained in paragraph 37 of the amended complaint.

38. This defendant denies the allegations contained in paragraph 38 of the amended complaint.

39. This defendant admits that Cipriani has video surveillance cameras, but denies the remaining allegations contained in paragraph 39 of the amended complaint.

40. This defendant denies the remaining allegations contained in paragraph 40 of the amended complaint.

41. The allegations contained in paragraph 41 of the amended complaint do not refer to this defendant and therefore no response is required. To the extent a response is required, this defendant does not have sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 41 of the amended complaint.

42. The allegations contained in paragraph 42 of the amended complaint refer to a complaint filed with the New York Police Department and the document speaks for itself and the plaintiff was left to her proofs. To the extent a response is required, this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations.

43. The allegations contained in paragraph 43 of the amended complaint do not refer to this defendant and also refer to a "litigation hold letter" and the document speaks for itself and

therefore no response is required. To the extent a response is required, this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the amended complaint.

44. This defendant denies the allegations contained in paragraph 44 of the amended complaint.

45. This defendant denies the allegations contained in paragraph 45 of the amended complaint.

46. The allegations contained in paragraph 46 of the amended complaint refer to text messages, said text messages speak for themselves and therefore, the plaintiff is left to her proofs and to the extent a response is required, the allegations are denied.

47. The allegations contained in paragraph 47 of the amended complaint do not refer to this defendant and therefore no response is required. To the extent a response is required, this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the amended complaint.

48. This defendant denies the allegations contained in paragraph 48 of the amended complaint.

49. The allegations contained in paragraph 49 of the amended complaint do not refer to this defendant and therefore no response is required. To the extent a response is required this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of the amended complaint.

50. The allegations contained in paragraph 50 of the amended complaint do not refer to this defendant and therefore no response is required. To the extent a response is required this

defendant denies the allegations except to admit that plaintiff was two hours late for her scheduled shift on October 25, 2014.

51. This defendant denies the allegations contained in paragraph 51 of the amended complaint.

52. This defendant denies the allegations contained in paragraph 52 of the amended complaint.

53. The allegations contained in paragraph 53 of the amended complaint refer to a text message which speaks for itself and plaintiff's left to her proofs. To the extent a response is required this defendant denies the allegations contained in paragraph 53 of the amended complaint.

54. The allegations contained in paragraph 54 of the amended complaint do not refer to this defendant and therefore no response is required. To the extent a response is required this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein except to state only that the plaintiff's employment was terminated.

55. This defendant denies the allegations contained in paragraph 55 of the amended complaint are denied.

56. This defendant denies the allegations contained in paragraph 56 of the amended complaint.

57. The allegations contained in paragraph 57 of the amended complaint do not refer to this defendant and therefore no response is required. To the extent a response is required, this defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57 of the amended complaint.

58. This defendant denies the allegations contained in paragraph 58 of the amended complaint.

59. The allegations contained in paragraph 59 of the amended complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

60. The allegations contained in paragraph 60 of the amended complaint call for a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

## FIRST CAUSE OF ACTION

61. This defendant repeats and reasserts his answers to the allegations contained in paragraphs 1 through 60 of the amended complaint as if fully set forth herein at length.

62. This defendant denies the allegations contained in paragraph 62 of the amended complaint.

63. This defendant denies the allegations contained in paragraph 63 of the amended complaint.

64. This defendant denies the allegations contained in paragraph 64 of the amended complaint.

**WHEREFORE**, this defendant demands dismissal of the amended complaint, plus the imposition of attorneys' fees, costs and other relief which this Court deems just and proper.

## SECOND CAUSE OF ACTION

65. This defendant repeats and reasserts his answers to the allegations contained in paragraphs 1 through 64 of the amended complaint as if fully set forth herein at length.

66. This defendant denies the allegations contained in paragraph 66 of the amended complaint.

67. This defendant denies the allegations contained in paragraph 67 of the amended complaint.

68. This defendant denies the allegations contained in paragraph 68 of the amended complaint.

69. This defendant denies the allegations contained in paragraph 69 of the amended complaint.

WHEREFORE, this defendant demands dismissal of the amended complaint, plus the imposition of attorneys' fees, costs and other relief which this Court deems just and proper.

### THIRD CAUSE OF ACTION

70. This defendant repeats and reasserts his answers to the allegations contained in paragraphs 1 through 69 of the amended complaint as if fully set forth herein at length.

71. This defendant denies the allegations contained in paragraph 71 of the amended complaint.

72. This defendant denies the allegations contained in paragraph 72 of the amended complaint.

73. This defendant denies the allegations contained in paragraph 73 of the amended complaint.

74. This defendant denies the allegations contained in paragraph 74 of the amended complaint.

WHEREFORE, this defendant demands dismissal of the amended complaint, plus the imposition of attorneys' fees, costs and other relief which this Court deems just and proper.

## FOURTH CAUSE OF ACTION

75. This defendant repeats and reasserts each of his answers to the allegations contained in paragraphs 1 through 74 of the amended complaint as if more fully set forth herein at length.

76. This defendant denies the allegations contained in paragraph 76 of the amended complaint.

77. This defendant denies the allegations contained in paragraph 77 of the amended complaint.

**WHEREFORE**, this defendant demands dismissal of the amended complaint, plus the imposition of costs, attorneys' fees and any other relief which this Court deems just and proper.

## FIFTH CAUSE OF ACTION

78. This defendant repeats and reasserts his answers to the allegations contained in paragraph 1 through 77 of the amended complaint as if more fully set forth herein at length.

79. This defendant denies the allegations contained in paragraph 79 of the amended complaint.

80. This defendant denies the allegations contained in paragraph 80 of the amended complaint.

81. This defendant denies the allegations contained in paragraph 81 of the amended complaint.

82. This defendant denies the allegations contained in paragraph 82 of the amended complaint.

**WHEREFORE**, this defendant demands dismissal of the amended complaint, plus the imposition of attorneys', fees and costs and any other relief which this Court deems just and proper.

### SIXTH CAUSE OF ACTION

83. This defendant repeats and reasserts his answers to the allegations contained in paragraphs 1 through 82 of the amended complaint as if more fully set forth herein at length.

84. The allegations contained in paragraph 84 of the amended complaint refer to the New York Administrative Code and call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied if they imply any wrong doing on behalf of this defendant.

85. This defendant denies the allegations contained in paragraph 85 of the amended complaint.

**WHEREFORE**, this defendant demands a dismissal of the amended complaint, plus the imposition of attorneys' fees and costs and any other relief which this Court deems just and proper.

### SEVENTH CAUSE OF ACTION

86. This defendant repeats and reasserts his answers to the allegations contained in paragraphs 1 through 85 of the amended complaint as if fully set forth herein at length.

87. This defendant denies the allegations contained in paragraph 87 of the amended complaint.

88. This defendant denies the allegations contained in paragraph 88 of the amended complaint.

89. This defendant denies the allegations contained in paragraph 89 of the amended complaint.

90. This defendant denies the allegations contained in paragraph 90 of the amended complaint.

**WHEREFORE**, this defendant demands dismissal of the amended complaint plus the imposition of attorneys' fees and costs and any other relief which this Court deems just and proper.

## EIGHTH CAUSE OF ACTION

91.   This defendant repeats and reasserts his answers to the allegations contained in paragraphs 1 through 90 of the amended complaint as if fully set forth herein at length.

92.   This defendant denies the allegations contained in paragraph 92 of the amended complaint.

93.   This defendant denies the allegations contained in paragraph 93 of the amended complaint.

94.   This defendant denies the allegations contained in paragraph 94 of the amended complaint.

**WHEREFORE**, this defendant demands dismissal of the amended complaint plus the imposition of attorneys' fees and costs and any other relief which this Court deems just and proper.

## NINTH CAUSE OF ACTION

95.   This defendant repeats and reasserts his answers to the allegations contained in paragraphs 1 through 94 of the amended complaint as if more fully set forth herein at length.

96.   This defendant denies the allegations contained in paragraph 96 of the amended complaint.

97.   This defendant denies the allegations contained in paragraph 97 of the amended complaint.

98. This defendant denies the allegations contained in paragraph 98 of the amended complaint.

99. This defendant denies the allegations contained in paragraph 99 of the amended complaint.

**WHEREFORE**, this defendant demands dismissal of the amended complaint plus the imposition of attorneys' fees and costs and any other relief which this Court deems just and proper.

## DEFENSES

1. The amended complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate her damages.

3. Plaintiff's claims are barred in whole or in part by the after acquired evidence doctrine.

4. Plaintiff's claims are barred by the unclean hands doctrine.

5. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

6. The termination of plaintiff's employment was not a decision made by this defendant.

7. Any decision to terminate plaintiff's employment was on information and belief made for proper business reasons and not for improper motive.

8. Plaintiff's claims are barred in whole or in part by her own conduct.

9. Plaintiff's claims in this action do not rise to the requisite level required for the imposition of the punitive damages.

10. As may be learned through discovery, plaintiff's claims are barred by the applicable statutes of limitations.

11. Plaintiff's claims are barred because she failed to satisfy the requirements necessary before filing the within action.

12. Any alleged damages sustained by plaintiff or alleged violations are a result of acts of others and not this defendant.

13. To the extent plaintiff seeks statutory or other penalties, such claims must comport with State Farm v. Campbell, 518 U.S. 408 (2013).

14. Plaintiff is estopped from pursuing claims against the defendants under the faithless servant doctrine.

15. Plaintiff's claims are barred against this defendant because he was not plaintiff's employer.

16. This defendant has no ownership interest and also did not exercise control over personal decision, thus plaintiff's claim fails.

17. Plaintiff's claims of individual liability under Title VII fail under well established law and are in violation of Fed. R. Civ. Pro, 11.

18. This defendant reserves the right to raise additional defenses as may be appropriate based on information learned during the course of discovery.

### JURY DEMAND

Juan DeLaCruz admits that plaintiff seeks a trial by jury, but denies that plaintiff may be entitled to a trial by jury on all issues.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
Telephone: 973-618-4100
Attorneys for Defendant, Juan DeLa Cruz

By: _____
CLAUDIA. A. COSTA, ESQ.

DATED: November 16, 2015